**KOLLER LAW LLC** *Counsel for Plaintiff*
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOE MALONEY**<br>**320 Davistown Road**<br>**Blackwood, NJ 08012**<br><br>   **Plaintiff,**<br><br>   v.<br>**RAD Diversified**<br>**18 N Village Avenue**<br>**Exton, PA 19341**<br><br>**5404 Cypress Center Drive, Suite 320**<br>**Tampa, FL 33609**<br><br>   **Defendant.** | **Civil Action No.**<br><br>**Complaint and Jury Demand** |

**CIVIL ACTION**

  Plaintiff, Joe Maloney (hereinafter "Plaintiff"), by and through Plaintiff's attorney, Koller Law, LLC, bring this civil matter against RAD Diversified (hereinafter "Defendant"), for violations pursuant to the Age Discrimination in Employment Act ("ADEA") and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

## THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above-captioned address.

3. Upon information and belief, Defendant is a real-estate investment fund company with an office located at 18 N Village Avenue Exton, PA 19341, and headquartered at 5404 Cypress Center Drive, Suite 320 Tampa, FL 33609.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to

28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted Plaintiff's administrative remedies under the ADEA and PHRA.

13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination and retaliation against Defendant.

14. The Charge was assigned Charge Number 530-2023-01958 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated June 8, 2023. Plaintiff received the notice by electronic mail.

16. Prior to the filing of this action, Plaintiff notified the EEOC of Plaintiff's intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of the receipt of Plaintiff's Right to Sue in this matter.

18. Plaintiff has exhausted Plaintiff's administrative remedies as to the allegations of this Complaint

**MATERIAL FACTS**

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. On February 7, 2022, Defendant hired Plaintiff in the position of Plumber Installer.

21. On September 12, 2022, Defendant terminated Plaintiff. Plaintiff was 57 years old at the time of his termination.

22. At the time of Plaintiff's hire, Dory Mendenhall (late 40's), Regional Manager, informed Plaintiff that Defendant was really busy and that Plaintiff would have plenty of work for two (2) years.

23. Throughout Plaintiff's employment, he exhibited exemplary performance which was noted by Mr. Mendenhall.

24. In or around March 2022, Defendant hired Justin Gardener (late 40's), Project Manager. Mr. Gardener nitpicked Plaintiff's work product, and instructed Plaintiff to perform counter productive tasks, despite his objection and explanation of why it was. He also assigned Plaintiff repair tasks that were a part of his own job duties.

25. In May 2022, Kandra Hanth, Real Estate Operations Manager, issued Plaintiff a strong performance evaluation.

26. In or around July 2022, Plaintiff complained to Mr. Mendenhall about Mr. Gardener's conduct, but he did not respond.

27. Shortly afterwards, Mr. Gardener attempted to humiliate Plaintiff by reprimanding him in a group chat about not completing a project when Plaintiff had been assisting him with his own assignment the day before upon his direction. Mr. Gardener continued this practice. Upon information and belief, Mr. Gardener did not do this to other employees at Defendant, who were in their 20's to late 30's.

28. On September 12, 2022, Mr. Gardener informed Plaintiff that Defendant was laying Plaintiff off due to a slowdown in work. However, the following day, Defendant posted Plaintiff's position. Plaintiff was the only employee laid off at this time.

29. Afterwards, Plaintiff applied for unemployment compensation benefits, but he was denied because Defendant did not pay into unemployment compensation insurance for him.

30. It is Plaintiff's position that Defendant discriminated against Plaintiff due to his age in violation of the ADEA.

## COUNT I – AGE DISCRIMINATION
## AGE DISCRIMINATION IN EMPLOYMENT ACT

31. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

32. Plaintiff was 57 years old at the time the discrimination initiated.

33. Plaintiff was qualified to perform the job.

34. Defendant treated younger employees more favorably than Plaintiff.

35. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

36. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

37. Defendant terminated Plaintiff.

38. As a result of Defendant's unlawful age discrimination, Plaintiff has suffered damages as

set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – AGE DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

39. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

40. Plaintiff was 57 years old at the time the discrimination initiated.

41. Plaintiff was qualified to perform the job.

42. Defendant treated younger employees more favorably than Plaintiff.

43. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

44. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

45. Defendant terminated Plaintiff.

46. As a result of Defendant's unlawful age discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Joe Maloney , requests that the Court grant him the following relief against Defendant:

    (a)    Compensatory damages;

    (b)    Punitive damages;

(c) Liquidated damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of ADEA.

(j) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

|  |  |
|---|---|
|  | **RESPECTFULLY SUBMITTED,** |
|  | **KOLLER LAW, LLC** |
| Date: September 6, 2023 | **By** *:/s/ David M. Koller* |
|  | David M. Koller, Esquire (90119) |
|  | Jordan D. Santo, Esquire (320573) |
|  | 2043 Locust Street, Suite 1B |
|  | Philadelphia, PA 19103 |
|  | T: 215-545-8917 |
|  | F: 215-575-0826 |
|  | davidk@kollerlawfirm.com |
|  | jordans@kollerlawfirm.com |
|  | *Counsel for Plaintiff* |